UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERT SHADE, | : |
| Plaintiff, | : |
| | : Case: 1:16-cv-01708 |
| v. | : Assigned To : Unassigned |
| | : Assign. Date : 8/22/2016 |
| TOM VILSACK, | : Description: Pro Se Gen. Civil (F Deck) |
| Defendant. | : |

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claims being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

In the vaguest of terms, plaintiff appears to allege race discrimination by the United States Department of Agriculture. The basis of the claim is unclear, and plaintiff does not appear to demand any particular form of relief. Insofar as plaintiff attempts to sue the U.S. Department of Agriculture for discriminatory lending back in 1982, the court previously held that there is no legal basis to do so outside of the Consent Decree reached in *Pigford v. Glickman*, Civ. No. 97-1978 (D.D.C. 1999). *See Shade v. U.S. Cong.*, 942 F. Supp. 2d 43, 49 (D.D.C. 2013), *aff'd sub nom. Shade v. Cong.*, No. 13-5185, 2013 WL 5975978 (D.C. Cir. Oct. 15, 2013).

As drafted, the complaint fails to comply with Rule 8(a) and it will be dismissed without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

DATE: 8/16/16

_____
United States District Judge